**ALD-296**                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2578
_____

IN RE: JAMES ARTHUR BIGGINS,

Petitioner

_____
On a Petition for Writ of Mandamus from
the United States District Court
for the District of Delaware
(Related to D.C. Civ. No. 1-17-cv-01739)
_____

Submitted Pursuant to Fed. R. App. P. 21
August 23, 2018

Before:  MCKEE, VANASKIE and SCIRICA, Circuit Judges

(Opinion filed: October 18, 2018)
_____

OPINION[*]
_____

PER CURIAM

Petitioner James Arthur Biggins petitions for a writ of mandamus.  For the reasons

that follow, we will deny the petition.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

On July 12, 2018, Biggins filed a petition for writ of mandamus, 28 U.S.C. § 1651, in this Court seeking to remove United States District Judge Gregory M. Sleet from presiding over his civil action, Biggins v. Minner, D.C. Civ. No. 17-cv-01739, now pending in the District of Delaware. Biggins contends that Judge Sleet is biased against him and has been since 2001, based on Biggins' history of filing numerous lawsuits. As further evidence in support of his claim of personal bias, Biggins notes that we recently summarily reversed an order of Judge Sleet's denying Biggins' in forma pauperis application in D.C. Civ. No. 17-cv-01739. He also asserts that, in May 2018, he filed a motion in the District Court pursuant to 28 U.S.C. § 455(a) seeking Judge Sleet's removal.

Our review of the proceedings before Judge Sleet reveals the following. In December 2017, Biggins filed a civil rights action pursuant to 42 U.S.C. § 1983, alleging correctional staff deficiencies, medical staff deficiencies, and hazardous environmental conditions at the James T. Vaughn Correctional Center in Smyrna, Delaware. Biggins also filed a motion for emergency injunctive relief. After we reversed his original order, Judge Sleet granted Biggins leave to proceed in forma pauperis in this civil rights action. Biggins then filed a motion to recuse Judge Sleet. In an order entered on June 5, 2018, Judge Sleet denied the motion for an emergency injunction, dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and for failure to comply with Fed. R. Civ. P. 20, and granted Biggins leave to amend. Then, in an order entered on July 20, 2018, Judge Sleet denied Biggins' motion to recuse on the ground that no reasonable person with knowledge of all the facts would conclude that his (Judge Sleet's) impartiality might

2

reasonably be questioned. The civil docket further reveals that the case was reassigned to District Judge Richard G. Andrews on July 25, 2018.

We will deny the petition for writ of mandamus. A mandamus petition is the proper means for this Court to review a District Judge's refusal to disqualify himself from a case pursuant to 28 U.S.C. § 455. In re: School Asbestos Litigation, 977 F.2d 764, 776-78 (3d Cir. 1992). However, the petitioner must show that § 455 clearly and indisputably, see Haines v. Liggett Group, Inc., 975 F.2d 81, 89 (3d Cir. 1992), required the District Judge to disqualify himself. If not, we are not required to issue a writ of mandamus directing him to do so. In re: School Asbestos Litigation, 977 F.2d at 778. Section 455(a) of title 28 provides that: "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section 455(b)(1) provides that a judge shall also disqualify himself where "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]" 28 U.S.C. § 455.

We are satisfied that Judge Sleet, in his thorough opinion denying the motion to recuse, arrived at a legally sound conclusion that Biggins' allegations against him do not provide a basis for disqualification either because his impartiality might reasonably be questioned or because he is biased. As explained by Judge Sleet, Biggins takes exception to the court's rulings and that is the primary reason he seeks recusal, but "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion," Liteky v.

3

United States, 510 U.S. 540, 555 (1994), and they specifically do not do so here.[1]

Furthermore, to the extent that Biggins disagrees with Judge Sleet's order dismissing his complaint for failure to state a claim under § 1915(e)(2)(B) and failure to comply with Rule 20, mandamus, with its "exceedingly narrow" scope of review, is not a substitute for an appeal.  In re: Chambers Development Co., Inc., 148 F.3d 214, 226 (3d Cir. 1998) (quoting In re: Ford Motor Co., 110 F.3d 954, 964 (3d Cir. 1997)).

For the foregoing reasons, we will deny the petition for writ of mandamus.

---

[1] In any event, it appears from the civil docket that Biggins' request for mandamus relief is moot.  If indeed his case has been reassigned to a different United States District Judge, we would be unable to fashion any form of meaningful relief.  See General Electric Co. v. Cathcart, 980 F.2d 927, 934 (3d Cir. 1992).